IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**M&N PLASTICS, INC.,** *et al.*,         )
                                          )
       **Plaintiffs,**   )
                                          )
       v.                )    Case No. 1:13-cv-819-BAH
                                          )
**KATHLEEN SEBELIUS,** *et al.*,          )
                                          )
       **Defendants.**   )
_____  )

### DEFENDANTS' MOTION TO TRANSFER

On May 8, 2013, plaintiffs in this action filed a complaint in the U.S. District Court for the Eastern District of Michigan, challenging regulations that were promulgated by defendants pursuant to the Affordable Care Act.[1]  *See* Compl., *Nagle v. Sebelius*, No. 2:13-cv-12036-VAR-DRG, ECF No. 1 (E.D. Mich. May 8, 2013) (attached as Exhibit 1).  Approximately two weeks later, plaintiffs voluntarily dismissed that lawsuit.  *See* Notice of Voluntary Dismissal, *Nagle v. Sebelius*, No. 2:13-cv-12036-VAR-DRG, ECF No. 12 (E.D. Mich. May 24, 2013) (attached as Exhibit 2); Order Dismissing Case, *Nagle v. Sebelius*, No. 2:13-cv-12036-VAR-DRG, ECF No. 13 (E.D. Mich. May 24, 2013) (attached as Exhibit 3).  Exactly a week later, plaintiffs filed the Complaint in this case, which is identical in every material respect to the complaint in the dismissed Michigan action.  Plaintiffs presumably elected to switch venues, at least in part, to avoid adverse precedent in the Sixth Circuit, *see Autocam Corp. v. Sebelius*, No. 12-2673 (6th

---

[1] The challenged regulations require all group health plans and health insurance issuers offering non-grandfathered group or individual health coverage to provide coverage for certain recommended preventive services without cost-sharing.  As relevant here, except as to group health plans of certain non-profit religious employers (and group coverage sold in connection with those plans), the preventive services that must be covered include all Food and Drug Administration-approved contraceptive methods, sterilization procedures, and patient education and counseling for women with reproductive capacity, as prescribed by a health care provider.

Cir. Dec. 28, 2012) (denying injunction pending appeal in similar challenge to the preventive services coverage regulations), and to reap whatever benefits they think might flow from the decision of a D.C. Circuit motions panel granting an injunction pending appeal in *Gilardi v. HHS*, No. 13-5069 (D.C. Cir. Mar. 29, 2013). Forum shopping of this sort is wholly inappropriate. It is just this kind of litigation tactic that merits a transfer of venue under 28 U.S.C. § 1404(a), which permits a district court, "in the interest of justice," to "transfer any civil action to any other district or division where it might have been brought." Thus, defendants respectfully ask this Court to transfer this case back to the Eastern District of Michigan.

As this Court recently explained, "[i]n deciding a motion to transfer venue under § 1404(a), a court must first determine whether the transferee district is one where the action 'might have been brought.'" *Pacific Maritime Ass'n v. NLRB*, 905 F. Supp. 2d 55, 59 (D.D.C. 2012) (quoting 28 U.S.C. § 1404(a)). If that threshold criterion is satisfied, the Court "must balance the private and public interests involved in the proposed transfer to determine 'whether the defendant has demonstrated that considerations of convenience and the interest of justice support a transfer.'" *Id.* (quoting *Barham v. UBS Fin. Servs.*, 496 F. Supp. 2d 174, 178 (D.D.C. 2007)). Ultimately, the decision whether or not to transfer the case is within the Court's discretion. *Id.*

Here, there is no question that this action "might have been brought" in the Eastern District of Michigan. In fact, that is where plaintiffs initially filed this case. Thus, the threshold requirement for transfer is satisfied, and the Court must look to the private and public interests to determine whether a transfer is warranted.

The factors that courts look to in assessing the private interests associated with a transfer traditionally include:

> (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent they may actually be unavailable for trial in one forum; and (6) the ease of access to sources of proof.

*Id.* at 60 (citing *Foote v. Chu*, 858 F. Supp. 2d 116, 121 (D.D.C. 2012)). These factors do not weigh heavily in either direction – if anything, they slightly favor a transfer back to Michigan. While plaintiffs' choice of this forum would ordinarily be entitled to some deference, "'that choice is conferred less deference by the court when a plaintiff's choice of forum is not the plaintiff's home forum.'" *Id.* (quoting *Stockbridge–Munsee Cmty. v. United States*, 593 F. Supp. 2d 44, 47 (D.D.C. 2009)); *see also Laboratory Corp. of Am. Holdings v. NLRB*, __ F. Supp. 2d __, 2013 WL 1810636, at *2 (D.D.C. Apr. 4, 2013). The plaintiff corporation in this case is incorporated and based in Michigan. *See* Compl. ¶¶ 24-25, ECF No. 2. And all individual plaintiffs appear to live in Michigan. Thus, there is no doubt that Michigan is plaintiffs' home forum. Furthermore, because all of the plaintiffs are located in Michigan, a transfer to that state would be more convenient for the parties. *See Pacific Maritime Ass'n*, 905 F. Supp. 2d at 61. Finally, the fact that defendants are based in this forum carries less weight when "the only connection between this case and the District of Columbia are the purported actions of federal officials." *LabCorp*, 2013 WL 1810636, at *2.

While the private interests in this case suggest that a transfer back to Michigan is appropriate, it is the public interest that is dispositive. In a recent case in this district, Judge Walton faced very similar circumstances – apparent forum shopping by a plaintiff attempting to take advantage of favorable D.C. Circuit precedent – and concluded that "[i]t is not 'in the interest of justice to encourage, or even allow, a plaintiff to select one district exclusively or

primarily to obtain or avoid specific precedents, particularly in circumstances such as these where the relevant law is unsettled and the choice of forum may well dictate the outcome of the case.'" *LabCorp*, 2013 WL 1810636, at *3 (quoting *Schmid Labs., Inc. v. Hartford Accident & Indem. Co.*, 654 F. Supp. 734, 737 (D.D.C. 1986)); *see also Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 5 (D.D.C. 2006). That concern is further heightened where, as here, a plaintiff first files a case in one district and then voluntarily dismisses the case, only to immediately re-file in another district. Allowing such behavior would open the door to judge shopping, as a plaintiff that is unsatisfied with the assigned judge in the first district could always have another bite at the apple by re-filing in the second district. *See Milanes v. Holder*, 264 F.R.D. 1, 6 (D.D.C. 2009); *Huggins v. Stryker Corp.*, __ F. Supp. 2d __, 2013 WL 1191058, at *6 (D. Minn. Mar. 25, 2013); *Tittl v. Hilton Worldwide, Inc.*, No. 1:12-cv-2040, 2013 WL 1087730, at *8 (E.D. Cal. Mar. 14, 2013).[2]

For these reasons, defendants respectfully ask this court to transfer this case back to the Eastern District of Michigan, where it was first filed.

Respectfully submitted this 17th day of June, 2013,

        STUART F. DELERY
        Acting Assistant Attorney General

        IAN HEATH GERSHENGORN
        Deputy Assistant Attorney General

---

[2] Pursuant to Local Rule of Civil Procedure 7(m), the undersigned conferred with opposing counsel, who represented that plaintiffs oppose this motion to transfer. Plaintiffs' counsel represented that plaintiffs voluntarily dismissed their action in the Eastern District of Michigan because they believed that the corporation's health plan was grandfathered and thus not subject to the challenged rule, and then re-filed after learning that the health plan is not in fact grandfathered. However, this account does not explain why plaintiffs re-filed in this District rather than the Eastern District of Michigan, and does nothing to eliminate the appearance of impermissible forum and judge shopping.

RONALD C. MACHEN JR.
United States Attorney

JENNIFER RICKETTS
Director, Federal Programs Branch

SHEILA M. LIEBER
Deputy Director

*/s/ Benjamin L. Berwick*
BENJAMIN L. BERWICK (MA Bar No. 679207)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W., Room 7306
Washington, D.C. 20001
Tel: (202) 305-8573; Fax: (202) 616-8470
Email: benjamin.l.berwick@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

>*/s/ Benjamin L. Berwick*
>BENJAMIN L. BERWICK