# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| M & N PLASTICS, et al., | )<br>) Case No.: 1:13-cv-819-BAH<br>) |
| Plaintiffs, | ) |
| v. | ) **PLAINTIFFS' OPPOSITION TO**<br>) **DEFENDANTS' MOTION TO** |
| KATHLEEN SEBELIUS, et al., | ) **TRANSFER** |
| Defendants. | ) |

THOMAS MORE LAW CENTER
Richard Thompson, Esq. (P21410)
Erin Mersino, Esq. (P70886)
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
emersino@thomasmore.org
(734) 827-2001

*Attorneys for Plaintiffs*

STUART F. DELERY
Acting Assistant Attorney General

RONALD C. MACHEN, JR.
United States Attorney
District of Columbia

SHEILA M. LIEBER
Deputy Branch Director

BENJAMIN BERWICK
Trial Attorney (MA Bar No. 679207)
Civil Division, Federal Programs Branch
United States Department of Justice
20 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 305-8573
Fax: (202) 616-8470
E-Mail: benjamin.l.berwick@usdoj.gov

*Attorneys for Defendants*

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

## BACKGROUND

Defendants seek to oust Plaintiffs from the District of Columbia. There is no contention that venue is proper in this district because Defendants reside in this district and a substantial part of the acts giving rise to Plaintiffs' claims occurred in this district. 28 U.S.C. § 1391(e); (Compl. at ¶ 22).

Plaintiffs first filed their Complaint in the Eastern District of Michigan on May 8, 2013. *Nagle v. Sebelius*, No. 2:13-cv-12036, (Doc. #1) (E.D. Mich. May 8, 2013). Due to an issue in the case which is now resolved, Plaintiffs voluntarily dismissed the action pursuant to Fed. R. Civ. P. 41(a)(1) prior to Defendants filing an answer.[1] *Id.* at (Doc. #12). Under Fed. R. Civ. P. 41(a)(1), a plaintiff has the "absolute right" to dismiss and the effect "is to put the plaintiff in the legal position as if he had never brought the first suit." *LeCompte v. Mr. Chip, Inc.*, 428 F.2d 601, 603 (5th Cir. 1976) (reversing order imposing condition on dismissal that "any subsequent suit must be filed in the same court."); *see also RFR Indus. v. Century Steps, Inc.*, 477 F.3d 1348 (Fed. Cir. 2007); *Eastalco Aluminum Co. v. United States*, 995 F.2d 201 (Fed. Cir. 1993). Stated differently, a plaintiff is free to return to the dismissing court or other courts at a later date with the same claim. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). Any worry that the grant of a dismissal under Fed. R. Civ. P. 41(a)(1) provides a procedural advantage is addressed by the provision that "the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id.* Therefore, a plaintiff

---

[1] Upon filing their Complaint in this district, Plaintiffs contacted Defendants and informed Defendants of the procedural history of the case and submitted a declaration regarding same. *See* Exhibit 1.

1

is expressly allowed to only voluntarily dismiss and re-file a claim once. Furthermore, Fed. R. Civ. P. 41 (a)(1), limits voluntary dismissal to early in the litigation—prior to an answer being filed. *Id.*[2] Indeed here, the Defendants had not even filed an appearance let alone an answer before Plaintiffs dismissed their action in the earlier case. *Nagle v. Sebelius*, No. 2:13-cv-12036.

When Plaintiffs were faced with re-filing their litigation, Plaintiffs decided to file in this District, which is indisputably a proper venue. Defendants' only assertion in their motion is that plaintiffs "*presumably*" decided to re-file in this district due to favorable precedent. *Compare Autocam Corp. v. Sebelius*, No. 12-2673 (6th Cir. Dec. 28, 2012); *Gilardi v. HHS*, No. 13-5069 (D.C. Cir. Mar. 29, 2013). However, both cases were decided and known to plaintiffs when they originally filed their initial complaint on May 8, 2013 in the Eastern District of Michigan. Upon re-filing, Plaintiffs selected a proper venue where plaintiffs originally could have brought their suit, as plaintiffs are allowed to do under Fed. R. Civ. P. 41(a)(1) and 28 U.S.C. § 1391(e).

## ARGUMENT

Under 28 U.S.C. § 1404(a), a court is authorized to transfer a civil action to another district where it might have been brought "for the convenience of the parties and witnesses, in the interest of justice." The statute vests "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "[T]he moving party bears the burden of establishing that transfer is proper," *Nat'l Ass'n of Home Builders v. EPA*, 675 F. Supp. 2d 173, 176 (D.D.C.

---

[2] *See Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 n. 15 (5th Cir. 2005) (holding that Fed. R. Civ. P. 41(a)(1) essentially permits forum shopping and defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Fed. R. Civ. P. 41(a)(1) may do so by taking the simple step of filing an answer) (quotations and citations omitted); *see also Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142-143 (7th Cir. 1978).

2

2009), and that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor." *Thayer/Patricof Educ. Funding LLC v. Pryor Res.*, 196 F. Supp. 2d 21, 31 (D.D.C. 2002) (quoting *Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991)). There are several relevant factors to consider in this analysis:

> The private interest considerations include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses . . . , but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.
>
> The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.

*Id.* at 31-32 (quoting *Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard, Jr.*, 24 F. Supp. 2d 66, 71 (D.D.C. 1998)). Here, Defendants fail to establish that considerations of private interest or public interest warrant transfer.

## I. PRIVATE INTEREST FACTORS

### (1) The Plaintiffs' Choice of Forum

"[A] plaintiff's choice of forum is ordinarily a 'paramount consideration that is entitled to 'great deference' in the transfer inquiry." *F.T.C. Cepalon, Inc.*, 551 F. Supp. 2d 21, 26 (D.D.C. 2008) (quoting *Thayer/Patricof Educ. Funding LLC v. Pryor Res.*, 196 F. Supp. 2d 21, 31 (D.D.C. 2002). "The [Defendants] carry a weighty burden to demonstrate that the plaintiffs' forum choice should be disturbed" when "there is at least some meaningful relationship between the plaintiffs' claims and the parties and this district." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 47 (D.D.C. 2011). Here, it cannot be said that there is no meaningful relationship between the plaintiffs' claims and the parties and this district.

3

The Plaintiffs have selected the venue where "the substantial part of the acts giving rise to Plaintiffs' claims occurred." (Compl. at ¶ 22). The federal regulation of which the Plaintiffs challenge, the Health and Human Services Mandate ("mandate") 42 U.S.C. § 300gg-13, was enacted in this District. Furthermore, Plaintiffs have selected a venue where all of the Defendants reside.[3]

### (2) The Defendants' Choice of Forum

Defendants articulate in their motion that their choice of forum is the Eastern District of Michigan. Defendants do not state why the Eastern District of Michigan would be more convenient, and Defendants only contention is that they perceive that the Sixth Circuit would be more advantageous to them in the litigation. Enforcing Defendants' argument would oblige the Court to re-distribute the weight given to Plaintiffs' choice of forum and the other convenience factors in this analysis.

### (3) Where the Claim Arose

This case involves a challenge to the mandate, which Defendants enacted in this District and gives rise to Plaintiffs' claim. Plaintiffs seek to challenge the federal action in the location where it occurred, in Washington D.C. While Plaintiffs reside in Michigan, Plaintiffs will make themselves readily available to this District. Furthermore, other Plaintiffs who reside outside of the jurisdiction have traditionally been allowed to bring claims to federal action in this district without challenge, as the express language of 28 U.S.C. § 1391(e) contemplates such action when the Defendant is the United States government.

---

[3] Concerns about forum shopping, while appropriately considered in the forum non conveniens analysis, are muted in a case such as this where Plaintiffs' chosen forum is both the defendant's home jurisdiction, and a forum with a strong connection to the subject matter of the case. *See Monegro v. Rosa*, 211 F.3d 509, 513-14 (9th Cir. 2000).

### (4) The Convenience of the Parties

Plaintiffs have selected the venue most convenient for Defendants by selecting Defendants' home venue. There is no inconvenience to a party when the party resides in the chosen district. *See, e.g., Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 48. Defendants reside in this district. Defendants' attorneys reside in this district. Litigating the matter here will save the Defendants travel expenses, including flights to Michigan, for the various court hearings and depositions necessarily involved in litigation. Defendants cannot argue that their own district would not provide them the most convenience and would not cause Defendants "to suffer hardship, such as from significant expense." *Kotan v. Pizza Outlet, Inc.*, 400 F.Supp. 2d 44, 50 (D.D.C. 2005).

### (5) The Convenience of the Witnesses

When the court looks at the convenience of witnesses, it asks if "witnesses would be unwilling to testify in the District of Columbia." *FC Inv. Group LC v. Lichtenstein*, 441 F. Supp. 2d 3, 14 (D.D.C. 2006)). The convenience of non-party witnesses is given greater weight than party witnesses. *United States v. Brown Univ.*, 772 F.Supp. 241, 243 (E.D. Pa. 1991). "This factor does not warrant transfer when witnesses are employees of a party and their presence can be obtained by that party." *Id.*

Here, Plaintiffs' witnesses as known at this point in the litigation only include Plaintiffs and their employees, and their presence can be obtained by Plaintiffs to testify in the District of Columbia. There has been no indication that Defendants' witnesses would be inconvenienced by testifying in the District of Columbia. Since Defendants reside in the District of Columbia and the claim arose here, it is likely that the witnesses would reside in this area and would be convenienced by keeping the litigation here.

### (6) The Ease of Access to Sources of Proof

As much of the discovery is likely to be conducted electronically, this factor is not determinative and does not help in establishing Defendants' burden to support a transfer from this Court. *See AMTRAK v. R & R Visual, Inc.*, 2007 U.S. Dist. LEXIS 51982 (D.D.C. July 19, 2007) ("[T]echnological advances have significantly reduced the weight of the ease-of-access-to-proof factor.").

## II. PUBLIC INTEREST FACTORS

The three public interest factors that courts typically consider on a motion to transfer venue are (1) the local interest in making local decisions regarding local controversies; (2) the potential transferee court's familiarity with the governing law; and (3) the relative congestion of the transferee and transferor courts. These factors tip in favor of keeping the litigation in the District of Columbia.

### (1) Local Interest in Making Local Decisions Regarding Local Controversies

Here, the Plaintiffs' claim is not local to Michigan. This challenge to the mandate on religious freedom grounds has national significance and does not present an essentially local matter. *Cephalon*, 551 F. Supp. 2d at 31 (finding that the local interest factor was not applicable to a case of "nationwide significance, the resolution of which will have the same effect if rendered by this Court or the" transferee court); *Otay Mesa Property., L.P. v. United States DOI*, 584 F. Supp. 2d 122, 126-27 (D.D.C. 2008) (because plaintiffs challenged a national policy, there was no direct or unique impact on transferee forum); *see also Nat'l Ass'n of Home Builders v. EPA*, 675 F. Supp. 2d 173 (D.D.C. 2009); *Akiachak Native Cmty. v. Dep't of Interior*, 502 F. Supp. 2d 64 (D.D.C. 2007); *The Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10 (D.D.C. 2000).

### (2) Potential Transferee Court's Familiarity with the Governing Law

When Plaintiffs' claims involve only federal law, this factor does not tip in the movant's favor to transfer the matter to the local court. *Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41 (D.D.C. 2011). Because this is a case of national importance, there is neither localized interest justifying transfer nor need for familiarity with local or state law. This is not a case where judicial resources could be conserved by transferring the case back to the Eastern District of Michigan; as the Defendant notes, there is pending litigation challenging the mandate in both venues.

### (3) Relative Congestion of the Transferee and Transferor Courts

The relative congestion of the transferee and transferor courts tips in favor of not granting Defendants' motion to transfer. According to December 2012 statistics published by the Administrative Office of the United States Courts, the District of Columbia has 227 cases pending per judge, a median time of approximately 8 months from filing to disposition in civil cases and a median time of forty months from filing to trial.[4]

For the Eastern District of Michigan, the same statistics show that the number of cases pending per judge is substantially higher—234 more pending cases per judge.[5] Each judge has 461 pending cases, a median time of approximately 8 months from filing to disposition in civil cases, and a median time of twenty eight months from filing to trial. Since the judges in the Eastern District of Michigan carry a significantly larger number of pending cases per judge, this factor does not support Defendants' position.

---

[4] http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2012/district-fcms-profiles-december-2012.pdf&page=2

[5] http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2012/district-fcms-profiles-december-2012.pdf&page=40

In the final analysis, Defendants have not met their burden to show that a transfer of this case is warranted in the interest of justice. Given the deference to which the Plaintiffs' choice of venue is ordinarily entitled and the convenience for the Defendants of the case being in their home district, the Defendants have not met their heavy burden to demonstrate that the balance of factors is strongly in their factor.

## CONCLUSION

For these reasons, the Plaintiffs respectfully request that this Court deny Defendants' motion to transfer.

Respectfully submitted this 1th day of July, 2013.

*Attorneys for Plaintiffs:*

THOMAS MORE LAW CENTER

s/ Erin Mersino
Erin Mersino, Esq. (P70886)
24 Frank Lloyd Wright Blvd.
P.O. Box 393
Ann Arbor, MI 48106
emersino@thomasmore.org
(734) 827-2001

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance electronically: None

                                                  THOMAS MORE LAW CENTER

                                                  s/ Erin Mersino
                                                  Erin Mersino, Esq. (P70886)